In the Matter of the Intermediate Accounting of GUARANTY TRUST COMPANY OF NEW YORK et al., as Executors of AGNES B. MOMAND, Deceased, Respondents. BOY SCOUTS OF AMERICA, Appellant; CATHOLIC CHARITIES OF THE ARCHDIOCESE OF NEW YORK et al., Respondents.

First Department, February 17, 1959.

*Allen S. Hubbard, Jr.,* of counsel (*Deborah M. Cole* with him on the brief; *Hughes, Hubbard, Blair & Reed,* attorneys), for appellant.

*Jerome Weit* of counsel (*Lawrence S. Timen* with him on the brief; *Timen & Waters,* attorneys), for Holcombe H. Henderson, coexecutor, respondent.

*Thornton C. Land* and *Rosemary Edelman* of counsel (*Breed, Abbott & Morgan,* attorneys), for Girl Scouts of the United States of America, *amicus curiæ.*

MEMORANDUM. Decree construing will of testatrix in such manner as to group the Boy Scouts of America and Girl Scouts of America together as one organization in the sharing of certain benefits given to a list of charitable organizations, reversed and the proceeding remitted to the Surrogate for the development of such extrinsic proof as may be available and competent on the intention of the testatrix with respect to these two organizations. The will describes the benefits given to this list of charitable organizations as to the following " named " charitable " organizations " and gives to " each " in equal amounts.

Although it lists six others on separate lines, followed by semicolons, it places the Boy Scouts of America and Girl Scouts of America on the same line at the end of the list, separated by the conjunction " and ". There is, therefore, sufficient ambiguity to render extrinsic proof on intent useful. Costs to each party filing a brief payable from the estate.

M. M. FRANK, J. (dissenting). I must dissent and vote to affirm. The learned Surrogate, in my opinion, correctly determined that paragraph " Sixth ", " I ", subd. " (C) " of the last will of the decedent created only seven distributive shares. The manner in which each of the first six named charities is set out on a separate line and segregated from the others and from the two last-named organizations by semicolons is significant and dispositive. Both last-named beneficiaries are separated from the rest, linked together and preceded by the word " and ". While that conjunction frequently serves in place of a comma for the last setoff in a series, it is never used in that fashion when semicolons are employed to separate the parts in a series, unless a semicolon also separates the last from the rest, when it usually precedes the word " and ". " A semicolon marks a degree of separation between sentence elements considerably greater than that marked by a comma, nearly as great as that marked by a period." (An Index to English, by Porter G. Perrin, Colgate University, p. 536; see, also, Webster's New International Dictionary, 2d ed.)

None of the interested parties suggests that there is any ambiguity in the paragraph of the will under consideration, nor is there any indication in the record or the briefs that extrinsic proof is available. On the contrary, all the litigants appear to be in agreement that the intent of the decedent must be ascertained from the will alone. Under the circumstances, there seems no need for a remission for the purpose of taking of extrinsic proof.

RABIN, J. P., VALENTE and BERGAN, JJ., concur in memorandum; M. M. FRANK, J., dissents in opinion.

Decree reversed and the proceeding remitted to the Surrogate for the development of such extrinsic proof as may be available and competent on the intention of the testatrix with respect to these two organizations. Costs to each party filing a brief payable from the estate.

Settle order on notice.